UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEREK JOSEY,

                Plaintiff,

   v.                                                    No. 9:21-cv-637
                                                                     (AMN)

EDWIN RAMOS, et al.,

                Defendants.

---

**APPEARANCES:**                                                         **OF COUNSEL:**

**LAW OFFICE OF AARON M. GOLDSMITH, PC**     **AARON M. GOLDSMITH, ESQ.**
225 Broadway – Suite 715
New York, New York 10007
*Attorneys for Plaintiff*

**NYS OFFICE OF THE ATTORNEY GENERAL**     **MARK J. DOLAN, ESQ.**
The Capitol
Albany, New York 12224
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On June 2, 2021, Plaintiff Derek Josey ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision at Clinton Correctional Facility. Dkt. No. 1.[1] As relevant to the present motion, Plaintiff alleges that

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Defendant Andrew Burgess ("Defendant Burgess") violated Plaintiff's Eighth Amendment rights on June 6, 2018 through deliberate indifference to Plaintiff's medical needs. *Id.* at 6.

Presently before the Court is Defendant Burgess's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), seeking dismissal of Plaintiff's claim against him. Dkt. No. 55 (the "Motion").[2] Plaintiff opposes the Motion, Dkt. No. 58, and Defendant Burgess filed a Reply in support of the Motion, Dkt. No. 61. For the reasons set forth below, the Court grants the Motion.

## II. BACKGROUND

Unless otherwise indicated, the following facts have been asserted by the parties in their statements of material facts with accurate record citations, and expressly admitted or not denied with a supporting record citation in response.

This case concerns injuries Plaintiff suffered on June 6, 2018, while he was incarcerated at Clinton Correctional Facility in Dannemora, New York. Dkt. No. 55-12 at ¶ 1; Dkt. No. 58-1 at ¶ 1. On that date, Plaintiff was involved in a fight with another inmate. *Id.* After being given orders to stop fighting, Plaintiff and the other inmate both complied. Dkt. No. 55-12 at ¶ 4; Dkt. No. 58-1 at ¶ 4. Both were then placed in mechanical restraints and escorted to the facility hospital. Dkt. No. 55-12 at ¶ 5; Dkt. No. 58-1 at ¶ 5.

Plaintiff alleges that after the participants in the fight were separated, Correction Officer Sweeny ("Defendant Sweeny") threw him to the floor face down. Dkt. No. 1 at 5; Dkt. No. 55-2 at 43-44. Once on the ground, Plaintiff contends that Defendant Sweeny assaulted him by placing his finger in his anus while asking "[w]here the drugs at[?]" *Id.*; Dkt. No. 55-2 at 43:21-25. Plaintiff also alleges that Correction Officers Hilts ("Defendant Hilts"), Rowe ("Defendant

---

[2] This case was reassigned to the undersigned on September 25, 2024. Dkt. No. 62.

Rowe"), and Patnode ("Defendant Patnode") stood by and laughed as the assault by Defendant Sweeny took place. *Id.* at 6; Dkt. No. 55-2 at 44:3-5.

On the same day, June 6, 2018, Defendant Burgess was working as a Sergeant at Clinton Correctional Facility where he oversaw E Block. Dkt. No. 55-12 at ¶ 2; Dkt. No. 58-1 at ¶ 2. After receiving an alert triggered by Plaintiff's altercation, Burgess reported to E Block at 10:15 a.m. Dkt. No. 55-12 at ¶ 3; Dkt. No. 58-1 at ¶ 3. Plaintiff alleges that upon escorting Plaintiff to the hospital, Defendant Burgess "threatened the [Plaintiff] to keep his mouth shut or [Plaintiff] [would] be going home in a body bag." Dkt. No. 1 at 6; Dkt. No. 55-2 at 58:2-6. Defendant Burgess denies threatening Plaintiff but acknowledges that he was present during Plaintiff's examination at the facility hospital. Dkt. No. 55-12 at ¶¶ 8-9.

Once at the facility hospital, Plaintiff was pat-frisked and scanned. Dkt. No. 55-12 at ¶ 6; Dkt. No. 58-1 at ¶ 6. The search discovered no contraband. *Id.* Medical staff examined Plaintiff and completed an Inmate Injury Report at 10:25 a.m. Dkt. No. 55-12 at ¶ 7; Dkt. No. 58-1 at ¶ 7. While being examined, Plaintiff denied all medical needs and asserted he had no complaints of injury. Dkt. No. 55-12 at ¶ 12; Dkt. No. 58-1 at ¶ 12. Plaintiff insists he only denied further treatment because he felt pressured to do so in response to Defendant Burgess's alleged threat. Dkt. No. 58-1 at ¶ 12. Staff at the facility hospital took Plaintiff's blood pressure, pulse, respiratory rate, and oxygen saturation. Dkt. No. 55-12 at ¶ 13; Dkt. No. 58-1 at ¶ 13. The examination of Plaintiff revealed (1) "small swelling under the left eye with a 1/8 inch laceration with controlled bleeding," (2) "a small laceration to the middle knuckle of his left ring finger with controlled bleeding," (3) "a small abrasion to the left ring finger knuckle and right wrist/thumbside," and (4) "redness on his upper back, without swelling." Dkt. No. 55-12 at ¶ 14; Dkt. No. 58-1 at ¶ 14. There is no dispute that hospital staff treated these injuries. Dkt. No. 55-12 at ¶ 15; Dkt. No. 58-1

3

at ¶ 15. After treatment, facility hospital staff filled out an Inmate Injury Report and noted that Plaintiff denied any additional injuries. Dkt. No. 55-12 at ¶¶ 16-17; Dkt. No. 58-1 at ¶¶ 16-17. Plaintiff then signed the "Inmate's Statement" section of the form, but Plaintiff avers he only did so because he felt "threatened and pressured to do so." Dkt. No. 58-1 at ¶ 18. Defendant Burgess contends that neither he nor any other security and medical staff threatened Plaintiff in any way on June 6, 2018, and denies that Plaintiff was coerced into signing the Inmate Injury Report. Dkt. No. 55-12 at ¶¶ 19-21.

Later that day, at around 8:40 p.m., Plaintiff returned to the facility hospital complaining of chest pain. Dkt. No. 55-12 at ¶ 22; Dkt. No. 58-1 at ¶ 22. Upon examination at 10:25 a.m., facility hospital staff saw no symptoms of chest pain. Dkt. No. 55-12 at ¶ 23; Dkt. No. 58-1 at ¶ 23.

On June 2, 2021, Plaintiff filed the instant action alleging violations of his Eighth Amendment rights relating to the events of June 6, 2018, against Defendants Sweeny, Hilts, Rowe, Patnode, and Burgess. Dkt. No. 1. As to Defendant Burgess, Plaintiff alleges he violated Plaintiff's Eighth Amendment rights through deliberate indifference to his medical needs. *Id.* at 6.

### III.   STANDARD OF REVIEW

Summary judgment is properly granted only if, upon reviewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993). A court first determines "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986). "When analyzing a summary judgment

motion, the court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Galeotti v. Cianbro Corp.*, No. 5:12-cv-00900 (MAD/TWD), 2013 WL 3207312, at *4 (N.D.N.Y. June 24, 2013) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36-37 (2d Cir. 1994)).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995) (citation omitted). To determine whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *accord Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir. 2002). A "material" fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord R.B. Ventures, Ltd. V. Shane*, 112 F.3d 54, 57 (2d Cir. 1997). The Court should "grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative or not significantly probative." *Schwimmer v. Kaladjian*, 988 F. Supp. 631, 638 (S.D.N.Y. 1997) (citing, *inter alia*, *Anderson*, 477 U.S. at 249-50).

## IV.     ANALYSIS

Plaintiff claims Defendant Burgess violated his Eighth Amendment right against cruel and unusual punishment through deliberate indifference to his medical needs. Dkt. No. 1 at 6. "It is well established that when the state takes a person into custody, severely limiting his ability to care for himself, and then is deliberately indifferent to his medical needs, the Eighth Amendment's proscription against the unnecessary and wanton infliction of pain is violated." *Charles v. Orange*

5

*County*, 925 F.3d 73, 85 (2d Cir. 2019) (citation omitted).  Prisoners are not entitled to "unqualified access to health care[.]"  *Blout v. Rastani*, 9:21-CV-147 (DNH/CFH), 2023 WL 5776449, at *8 (N.D.N.Y. Aug. 10, 2023) *report and recommendation adopted by* 2023 WL 5604070 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  Still, a prisoner "can nevertheless prevail on an Eighth Amendment claim arising out of medical care by showing that a prison official acted with 'deliberate indifference' to the inmate's serious medical needs."  *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)).  "[A] prison official violates the Eighth Amendment only when two requirements are met."  *Smith v. Burge*, No. 9:03-CV-0955 (LEK/GHL), 2006 WL 2805242, at *6 (N.D.N.Y. Sep. 28, 2006) (internal quotations omitted) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"The first requirement is objective:  the alleged deprivation of adequate medical care must be sufficiently serious."  *Spavone v. New York State Dept. of Correctional Serv's*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation omitted).  This "serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain."  *Charles*, 925 F.3d at 86 (citation omitted).  "In determining whether a medical need is sufficiently serious to be cognizable as a basis for a constitutional claim for deprivation of medical care, we consider factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain."  *Id.* (citation omitted).  "In most cases, the actual medical consequences that flow from the denial of medical care are highly relevant in determining whether the denial of treatment subjected the detainee to significant risk of serious harm."  *Id.* (citation omitted).

6

The second requirement demands a showing that "[s]ubjectively, the charged official [] act[ed] with a sufficiently culpable state of mind." *Hathaway*, 99 F.3d at 553 (citation omitted). "In medical-treatment cases not arising from emergency situations, the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves the official acted with deliberate indifference to inmate health." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citation omitted). "An official acts with deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference can come both through medical staff failing to provide for prisoner's needs and "by prison guards who intentionally deny or delay access to medical care or intentionally deny or delay access to treatment once prescribed." *Charles*, 925 F.3d at 85.

Defendant argues that Plaintiff has not produced evidence sufficient to create a material issue of fact as to either the objective or the subjective requirement. The Court will address each in turn.

      i.      **Objective Requirement**

Defendant Burgess first argues that Plaintiff's medical needs were not sufficiently serious to meet the objective requirement. Dkt. No. 55-13 at 10-11. Upon examination by facility hospital staff, Plaintiff's injuries were mild, amounting to swelling, small lacerations, and redness in his upper back. Dkt. No. 55-12 at ¶ 14; Dkt. No. 58-1 at ¶ 14. Defendant Burgess argues such mild injuries do not constitute a serious medical need. In response, Plaintiff argues that he does not rely entirely on the minor scrapes and bruises resulting from his physical altercation to establish serious

injury under the objective prong. Dkt. No. 58-2 at 6-7. Instead, he points out that he returned to the prison infirmary later that day with chest pains and later had to have laser surgery in both eyes, injuries he claims stemmed from the incident on June 6, 2018. Plaintiff also contends that he suffered a back injury that later required him to use a back brace. *Id.*

The Court agrees with Defendant Burgess. The injuries described in the prison medical record recorded and treated shortly after the incident are insufficiently serious to support an Eighth Amendment claim based on Defendant Burgess's alleged deliberate indifference. Courts in this Circuit have consistently found that the sorts of scrapes and bruises recorded in the record are not a serious medical need capable of sustaining an Eight Amendment claim. *See, e.g., Gunn v. Bill*, No. 20-cv-1787 (PMH), 2023 WL 4187575, at *5 (S.D.N.Y. June 26, 2023) ("bruises and cuts . . . . are not—without more—of a vintage that might have produced death, degeneration, or extreme pain") (citation and internal quotation marks omitted); *Vasquez v. Cty. of Rockland*, No. 13-Civ-5632, 2020 WL 883514, at *13 (S.D.N.Y. Feb. 21, 2020) (dizziness and headaches, difficulty sleeping, post-traumatic stress, sexual dysfunction, and scratches that had healed but may have left a blemish were not sufficiently serious); *Brown v. Annucci*, No. 19-cv-9048, 2021 WL 860189, at *5 (S.D.N.Y. Mar. 8, 2021) (claims of "a 'busted eye' that was swollen for two weeks . . . a laceration under his left eye and . . . bleeding out of his right nostril and upper lip" not sufficiently serious); *Morehouse v. Vasquez*, No. 17-CV-4836, 2020 WL 1049943, at *18 (S.D.N.Y. Mar. 4, 2020) ("District Courts in the Second Circuit have consistently held that bruises, lacerations, cuts, black eyes, and other superficial injuries are 'not sufficiently serious to support' a deliberate indifference claim.") (citing *Goodwin v. Kennedy*, No. 1-CV-1774, 2015 WL 1040663, at *12 (E.D.N.Y. Mar. 10, 2015); *Toliver v. City of New York*, No. 10-CV-5806, 2013 WL 6476791, at *5 (S.D.N.Y. Dec. 10, 2013); *Rickett v. Orsino*, No. 10-CV-5152, 2013 WL 1176059, at *17 (S.D.N.Y.

8

Feb. 20, 2013)); *Dallio v. Herbert*, 678 F.Supp.2d 35, 60 (N.D.N.Y. 2009).  As these cases demonstrate, the sorts or bruises, scrapes, and lacerations demonstrated in Plaintiff's medical records do not establish injuries sufficiently serious to implicate Defendant Burgess's liability under the Eighth Amendment.

Plaintiff's other complaints are similarly insufficient to establish serious medical need under the objective prong.  First, regarding the alleged chest pain Plaintiff experienced, the undisputed facts before this Court suggest that such pain did not signal any long-term or life-threatening injury.  Dkt. No. 55-12 at ¶¶ 22-23; Dkt. No. 58-1 at ¶¶ 22-23.  Indeed, when facility hospital staff examined Plaintiff less than two hours after he first complained of chest pain, Plaintiff "did not have any objective symptoms of chest pain[.]" *Id.*  Such temporary, non-symptomatic injury cannot satisfy the requirement that the delay in treating the injury "might have produced death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86 (citation omitted).  Even if such symptoms persisted beyond the initial examination, "symptoms of chest pain . . . do[] not constitute a serious medical condition for purposes of establishing an Eighth Amendment claim" where there is no accompanying evidence of heart disease.  *Bruno v. Wright*, 06-CV-0808, 2008 WL 5100278, at *6 (N.D.N.Y. Nov. 26, 2008).

Plaintiff also claims that he required laser eye surgery not long after the incident.  Dkt. No. 58-2 at 6 (citing Dkt. No. 55-2 at 103).  Notably, Plaintiff does not allege that surgery was unsuccessful, or that he has suffered a permanent and debilitating eye injury.  Moreover, he does not provide any medical records to corroborate any sort of injury to his eyes.  As such, no evidence exists outside of Plaintiff's deposition testimony to support a claim that the injury to his eye arose from the June 9, 2018 incident, that Defendant Burgess's alleged conduct contributed to the eye injury through delay or interference, or that it was sufficiently serious to raise a constitutional

9

claim. Though Plaintiff avers that the extent of his injury could have been avoided absent Defendant Burgess's alleged threats, Dkt. No. 58-2 at 7, "[t]here is no evidence from a qualified medical professional that the delay in surgery may have produced death, or that the Plaintiff's condition is worse because he received the surgery at a later date." *Henderson v. Wollenhaupt*, No. 3:06CV01679(DJS), 2008 WL 2622770, at *8 (D. Conn. June 27, 2008) (finding injury requiring eye surgery and alleged delay in surgery caused by defendant insufficient to satisfy the objective prong). Therefore, the alleged eye injury, with nothing to support its severity or persistence, is insufficient to satisfy the objective prong.

Finally, Plaintiff alleges he experienced back pain resulting from the altercation, and therefore, Defendant Burgess's conduct led to serious injury. Dkt. No. 58-2 at 6 (citing Dkt. No. 55-2 at 103). Plaintiff does not present evidence of the severity of the issue, or how the back injury arose from the incident in question or Defendant Burgess's alleged threat, outside of his deposition testimony. Regardless, discomfort or even chronic pain such as Plaintiff's does not implicate the Eighth Amendment. *See, e.g., Hughes v. Butt*, No. 17 cv 1151, 2019 WL 6970794, at *14 (N.D.N.Y. Sept. 17, 2019) (finding that where plaintiff claims a prescription for a cane and a back brace was ignored, "the pain associated with [plaintiff's] lower back complaints is not the sort of 'extreme pain' that renders a medical need sufficiently serious") (collecting cases showing that discomfort and chronic pain, without more, does not amount to a serious medical need for Eighth Amendment purposes).[3]

At the core of his arguments, Plaintiff relies entirely on his own testimony to suggest the existence of medical needs sufficiently serious to satisfy the objective prong and their connection

---

[3] Plaintiff is further undermined by his own deposition testimony, which acknowledged that he suffered back problems before the altercation in question. Dkt. No. 55-2 at 105-107.

to Defendant Burgess's conduct.  Even if the identified medical needs sufficed (they do not), "[a]t the summary judgment stage, a nonmoving party must offer some hard evidence showing that [his] version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (citation omitted).  Plaintiff has therefore failed to produce evidence sufficient to satisfy the objective component of an Eighth Amendment claim and the Court grants the motion on that basis.

### ii.  Subjective Component

Even if Plaintiff could satisfy the objective component, he would still need to demonstrate that Defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety[.]" *Chance*, 143 F.3d at 702 (quoting *Farmer*, 511 U.S. at 837).  Defendant Burgess contends that he cannot be liable because nothing indicated that Plaintiff was in extreme pain at the time of their interaction.  Dkt. No. 55-13 at 12.  In any case, Defendant Burgess argues that since Plaintiff received medical care within ten minutes of the incident, Defendant Burgess cannot be said to have acted with deliberate indifference.  *Id.*  In response, Plaintiff argues that Defendant was present at the medical facility when Plaintiff showed up with injuries from the altercation, and that he threatened Plaintiff with serious bodily harm if he sought medical care for those injuries.  Dkt. No. 58-2 at 7.  Plaintiff claims that these threats caused him to stay silent, which in turn exposed him to serious medical harm.  *Id.*

The Court finds that there is no issue of material fact regarding Defendant Burgess's alleged deliberate indifference, and that Defendant Burgess was not deliberately indifferent as a matter of law.  "Courts in this Circuit have frequently observed that to establish a claim of deliberate indifference against non-medical personnel, 'a plaintiff must prove that [the] nonmedical prison personnel intentionally delayed access to medical care when the inmate was in extreme pain and

11

has made his medical problems known to prison personnel or that the inmate suffered a complete denial of medical treatment.'" *Bright v. Annucci*, No. 18-cv-11111, 2021 WL 4461682, at *11 (S.D.N.Y. Sept. 28, 2021) (collecting cases).  Neither situation applies here.

First, Defendant Burgess was not aware of any medical need capable of triggering his liability.  Reading Plaintiff's allegations and testimony favorably, a jury could certainly conclude that Defendant Burgess threatened Plaintiff not to complain about injuries before he received medical care.  However, the undisputed evidence also demonstrates that Plaintiff received care for all of the injuries of which Burgess could conceivably have been aware at the time in question.  Dkt. No. 55-12 at ¶¶ 3-7; Dkt. No. 58-1 at ¶¶ 3-7.  Nothing before this Court indicates that Plaintiff informed Burgess that he was in extreme pain or that he was suffering from any other injuries beyond those which were obvious as a result of the altercation, including his alleged chest pains, eye injuries, and back injuries.  He may have appeared to be in pain, but the physical examination did not show severe bleeding, broken bones, unconsciousness, or other life-threatening condition.  Thus, even assuming his medical need was sufficiently serious, Plaintiff cannot show he "made his [allegedly extreme] medical problems known." *Bright*, 2021 WL 4461682, at *11.[4]

Second, Plaintiff received medical care for all of the injuries that facility hospital staff noted upon examination and later received surgery for his eyes.  Whatever threats Burgess made, they did not prevent Plaintiff from receiving care.

As such, summary judgment is appropriate on the subjective prong, as well.

---

[4] Courts in this circuit have also found that where a plaintiff fails to provide any evidence substantiating a causal connection between a defendant's conduct and the alleged medical need, the plaintiff's claims must fail under the subjective prong. *See Davidson v. Desai*, 817 F. Supp. 2d 166, 183 (W.D.N.Y. 2011).  Here, Plaintiff provides no such evidence.

The Court will therefore grant Defendant Burgess's motion.[5]

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Burgess's motion for summary judgment, Dkt. No. 55, is **GRANTED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 27, 2024
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[5] Defendant Burgess also asserted qualified immunity. As the Court has found no violation of Plaintiff's constitutional rights, the Court declines to address that issue.