UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEREK JOSEY,

                Plaintiff,

      v.                                      9:21-cv-00637 (AMN/TWD)

EDWIN RAMOS, et al.,

                Defendants.

---

**APPEARANCES:**                                        **OF COUNSEL:**

**LAW OFFICE OF AARON M. GOLDSMITH, PC**    **AARON M. GOLDSMITH, ESQ.**
225 Broadway – Suite 715
New York, New York 10007
*Attorneys for Plaintiff*

**NYS OFFICE OF THE ATTORNEY GENERAL**    **M. RANDOLPH BELKIN, ESQ.**
The Capitol
Albany, New York 12224
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

On June 2, 2021, Plaintiff Derek Josey ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision at Clinton Correctional Facility.  Dkt. No. 1.

On January 5, 2024, Sargeant Andrew Burgess ("Defendant Burgess") filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"),

seeking dismissal of Plaintiff's claim alleging a violation of his Eighth Amendment rights through deliberate indifference to Plaintiff's medical needs. Dkt. No. 55. On September 27, 2024, the Court granted Defendant's motion, dismissing Plaintiff's claim against Defendant Burgess. Dkt. No. 63.

On March 31, 2025, the remaining Defendants requested leave to file a second motion for summary judgment, seeking dismissal of Plaintiff's remaining claims against them. Dkt. No. 65. Plaintiff opposed the request, *see* Dkt. No. 66, and the Court granted Defendants leave to file a second motion. Dkt. No. 67.

Presently before the Court is Defendants' second motion for summary judgment pursuant to Rule 56. Dkt. No. 68. Plaintiff alleges that Sargeant Paul Sweeney ("Defendant Sweeney")[1] and Correction Officers Derek Hilts ("Defendant Hilts"), Chad Rowe ("Defendant Rowe"), and Justin Patnode ("Defendant Patnode") violated Plaintiff's Eighth Amendment rights. Dkt. No. 68-9 at 4.[2] Specifically, following an altercation with another inmate, Plaintiff alleges that Defendant Sweeney used excessive force and sexually assaulted him by digitally penetrating his rectum and that Defendants Hilts, Patnode, and Rowe failed to intervene to stop Defendant Sweeney. *Id*. Plaintiff did not oppose the Motion.

For the reasons set forth below, the Court denies the Motion.

---

[1] The Court notes that some of the Parties' filings misspell Sargeant Paul Sweeney's last name as "Sweeny." The Court employs the correct spelling throughout this opinion. The Clerk of the Court is directed to correct the spelling of Defendant's name on the case docket.
[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

## II.   BACKGROUND[3]

This case concerns injuries Plaintiff suffered on June 6, 2018, while he was incarcerated at Clinton Correctional Facility in Dannemora, New York.  Dkt. No. 68-1 ¶ 1; Dkt. No. 55-2 at 35:19-22.  On that date, Plaintiff was involved in a fight with another inmate, Edwin Ramos.  Dkt. No. 68-1 ¶ 1; Dkt. No. 55-2 at 44:08-23.  After being given orders to stop fighting, Plaintiff and the other inmate both complied.  Dkt. No. 68-1 ¶ 3.  Both were then placed in mechanical restraints and escorted to the facility hospital.  *Id.* at ¶¶ 3, 8; Dkt. No. 55-2 at 48:05-10, 55:05-08.

Plaintiff alleges that after the participants in the fight were separated, Defendant Sweeney threw him to the floor face down.  Dkt. No. 55-2 at 43:20-22, 50:23-24.  Once on the ground, Plaintiff contends that Defendant Sweeney assaulted him by placing his finger in his rectum while asking "where the drugs at[?]"  *Id.* at 43:22-25.  Plaintiff alleges that this caused a painful sensation.  *Id.* at 50:15-21, 51:11-12.  Plaintiff further alleges that, during the assault, Defendants Hilts, Rowe, and Patnode stood by, laughing and "egging him on to go deeper."  *See id.* at 44:03-05, 54:12, 54:20.  Defendant Sweeney denies performing a search of Plaintiff and denies having any interaction with Plaintiff other than giving Plaintiff and Ramos direct orders to break up the fight.  *See* Dkt. No. 68-3 at 17:02-25, 18:02-16.  Defendants Hilts and Patnode denied witnessing Plaintiff being subjected to a search, *see* Dkt. Nos. 68-4 at 15:17-21 and 68-6 at 23:03-06, and Defendant Rowe could not recall whether Plaintiff was searched.  *See* Dkt. No. 68-5 at 15:16-19.

Once at the facility hospital, Plaintiff was pat-frisked and scanned.  Dkt. No. 55-12 ¶ 6. The search uncovered no contraband.  *Id.*  Plaintiff was also photographed while wearing white boxer shorts.  Dkt. No. 68-1 ¶ 9.  The photographs show no sign of blood or injury to his rectal

---

[3] Unless otherwise indicated, the following facts have been alleged by Plaintiff in his deposition testimony and asserted by Defendants in their statement of material facts with accurate record citations.

area. *Id.* At approximately 10:25 a.m., medical staff examined Plaintiff and took Plaintiff's

medical history. *Id.* at ¶ 10. While being examined, Plaintiff denied all medical needs and asserted

he had no complaints of injury. *Id.* at ¶ 11. The examination of Plaintiff revealed "(1) small

swelling under the left eye with a 1/8 inch laceration with controlled bleeding; (2) a small

laceration to the middle knuckle of his left ring finger with controlled bleeding; (3) a small abrasion

to the left ring finger knuckle and right wrist/thumbside; and (4) redness on his upper back, without

swelling." *Id.* at ¶ 12. After treatment, facility hospital staff filled out an Inmate Injury Report,

which did not identify any injuries to Plaintiff's rectal area. *Id.* at ¶ 13. Plaintiff then voluntarily

signed the "Inmate's Statement" section of the form. *Id.* at ¶ 14.

Later that day, at around 8:40 p.m., Plaintiff returned to the facility hospital complaining

of chest pain. *Id.* at ¶ 15. Plaintiff made no complaints of an injury to his rectal area. *Id.*

On June 2, 2021, Plaintiff filed the instant action alleging violations of his Eighth

Amendment rights relating to the events of June 6, 2018, against Defendants Sweeney, Hilts,

Rowe, Patnode, and Burgess. Dkt. No. 1. The Court dismissed Plaintiff's claim against Defendant

Burgess. Dkt. No. 63. What remains are Plaintiff's claims that Defendant Sweeney violated

Plaintiff's Eighth Amendment rights through excessive force and sexual assault, and Defendants

Hilts, Rowe, and Patnode violated Plaintiff's Eighth Amendment rights by failing to intervene.

Dkt. No. 68-9 at 4.

## III.    STANDARD OF REVIEW

Summary judgment is properly granted only if, upon reviewing the evidence in the light

most favorable to the nonmovant, there is no genuine issue of material fact, and the moving party

is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*,

477 U.S. 317, 322-23 (1986); *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993). A court first

determines "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986). "When analyzing a summary judgment motion, the court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Galeotti v. Cianbro Corp.*, 12-cv-00900, 2013 WL 3207312, at *4 (N.D.N.Y. June 24, 2013) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36-37 (2d Cir. 1994)).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995) (citation omitted). To determine whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *accord Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir. 2002). A "material" fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir. 1997). The Court should "grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative or not significantly probative." *Schwimmer v. Kaladjian*, 988 F. Supp. 631, 638 (S.D.N.Y. 1997) (citing, *inter alia*, *Anderson*, 477 U.S. at 249-50).

Under Rule 56 of the Federal Rules of Civil Procedure, district courts cannot automatically grant summary judgment simply because the summary judgment motion is unopposed. *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014). Even if the statement of material facts is unopposed, before summary judgment is entered, the district court "must examine an unopposed

5

motion for summary judgment 'to determine if it has met its burden of demonstrating that no material issue of fact remains for trial' and that 'the citation to evidence in the record supports the unopposed assertion.'" *Id.* (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).  In doing so, "the court must determine whether the legal theory of the motion is sound" and may rely on other evidence in the record, even if uncited.  *Mont v. Wells*, 22-cv-215, 2023 WL 5018571, at *4 (N.D.N.Y. June 5, 2023) (quoting *Jackson*, 766 F.3d at 197 and citing Fed. R. Civ. P. 56(c)(3)), *report and recommendation adopted,* 2023 WL 4361232 (N.D.N.Y. July 6, 2023).  "To sum up, when a party, whether *pro se* or counseled, fails to respond to an opponent's motion for summary judgment," a district court "must examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment." *Eloise Holdings, LLC v. Mt. Hawley Ins. Co.*, 23-cv-7513, 2025 WL 764374, at *4 (S.D.N.Y. Mar. 11, 2025) (quoting *Jackson*, 766 F.3d at 197).

## IV.    DISCUSSION

Plaintiff alleges excessive force and sexual assault claims against Defendant Sweeney, and failure to intervene claims against Defendants Hilts, Rowe, and Patnode.  For the reasons stated below, the Court denies Defendants' motion for summary judgment.

### A.  Excessive Force as Against Defendant Sweeney

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on individuals convicted of crimes.  *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991).  To establish an Eighth Amendment claim for excessive force, an incarcerated individual must prove "(1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated 'contemporary standards of decency.'" *Clark v. Gardner*, 256 F. Supp.

3d 154, 166 (N.D.N.Y. 2017) (quoting *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999)) (citation omitted).

### 1.   Subjective Prong

The subjective prong "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically'" to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  To determine whether force was applied maliciously and sadistically, courts consider "[i] the extent of the plaintiff's injuries; [ii] the need for the application of force; [iii] the correlation between that need and the amount of force used; [iv] the threat reasonably perceived by the defendants; and [v] any efforts made by the defendants to temper the severity of a forceful response." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (citing *Whitley*, 475 U.S. at 321).

"[P]rison officials looking for contraband may subject inmates to reasonable strip searches and cavity searches." *Crawford v. Cuomo*, 796 F.3d 252, 258 (2d Cir. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 560 (1979)); *see also Covino v. Patrissi*, 967 F.2d 73, 79 (2d Cir. 1992) (noting that while incarcerated individuals possess a limited right to bodily privacy, "some aspects of that right must yield to searches for contraband" to enable prison officials to maintain security and discipline in the prison) (citation omitted).  For courts to assess the reasonableness of an intrusion on an inmate's constitutional rights, officers must provide a justification that is supported by record evidence.  *Harris v. Miller*, 818 F.3d 49, 60 (2d Cir. 2016); *see also Allah v. Lawson*, 23-cv-0785, 2025 WL 1033836, at *12 (N.D.N.Y. Feb. 18, 2025), *report and recommendation adopted*, 2025 WL 814990 (N.D.N.Y. Mar. 14, 2025) (finding that "[i]t is difficult, if not impossible, for courts to determine the reasonableness of a visual body cavity search without record evidence supporting the officer's justification for initiating the search") (quoting *Harris*, 818 F.3d at 61).

Here, Defendant Sweeney denies performing a search of Plaintiff. *See* Dkt. No. 68-3 at 17:02-25, 18:02-16. Defendants further contend that, even if the alleged body cavity search did take place, Defendant Sweeney asking Plaintiff "where the drugs at" precludes a reasonable jury from finding that Defendant Sweeney acted maliciously or sadistically, for his own sexual gratification or to humiliate Plaintiff. *See* Dkt. No. 68-9 at 10. The Court disagrees and finds that there is a genuine dispute of material fact as to whether Defendant Sweeney conducted a cavity search and, if so, whether that search was undertaken in bad faith. For instance, DOCCS protocol post-altercation is a pat-frisk, not a cavity search. *See* Dkt. No. 68-3 at 21:06-10. Additionally, the record does not suggest that a cavity search was undertaken to maintain or restore discipline, as it is undisputed that both Plaintiff and Ramos complied with the orders to stop fighting and both inmates were placed in mechanical restraints. Dkt. Nos. 55-4 ¶ 5; 55-5. Furthermore, the record does not indicate that Defendant Sweeney had reason to believe that Plaintiff possessed contraband in his anus and a search of Plaintiff conducted at the facility hospital did not uncover any contraband. Dkt. No. 55-12 ¶ 6. Accordingly, viewing the facts in the light most favorable to Plaintiff, a reasonable factfinder could conclude that Defendant Sweeney conducted a cavity search and did so maliciously and sadistically, thereby satisfying the subjective prong of the Eighth Amendment excessive force claim.

### 2. Objective Prong

To establish an Eighth Amendment claim, Plaintiff's allegations must also satisfy the objective prong. The objective inquiry is a context-specific examination of whether "the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions." *Harris*, 818 F.3d at 64 (internal citations and quotations omitted). Not every malevolent touch by a prison guard gives rise to a federal cause of action. *See Hudson*, 503 U.S. at 9 (citation omitted).

A "*de minimis* use of force will rarely be sufficiently serious or harmful enough to constitute a violation of the objective component." *Baskerville v. Mulvaney*, 411 F.3d 45, 49 (2d Cir. 2005) (quotations omitted); *see also Ruggiero v. Fischer*, 15-cv-962, 2018 WL 7892966, at \*7 (W.D.N.Y. 2018) (noting that numerous courts have rejected Eighth Amendment claims where *de minimis* force was employed (collecting cases)). "Courts in this Circuit have consistently held that an injury is *de minimis* when it is temporary and/or minor in severity." *Smith v. City of New York*, 04-cv-3286, 2010 WL 3397683, at \*10 (S.D.N.Y. Aug. 27, 2010), *aff'd sub nom. Smith v. Tobon*, 529 F. App'x 36 (2d Cir. 2013)).

Here, the record does not contain any evidence demonstrating that the alleged digital penetration of Plaintiff's rectum caused a greater than *de minimis* physical injury to Plaintiff. *See, e.g.*, *Torres v. City of New York*, 17-cv-6604, 2019 WL 7602181, at \*8 (S.D.N.Y. Aug. 14, 2019) (characterizing the "small pinkish mass outside [plaintiff's] anus" as *de minimis* after officers removed contraband from plaintiff's anus); *Thomas v. Jacobs*, 19-cv-6554, 2025 WL 662899, at \*13 (S.D.N.Y. Feb. 28, 2025) (finding that force used to dislodge contraband from the plaintiff's rectum was *de minimis*). Although Plaintiff asserts that such digital penetration caused an uncomfortable sensation in his rectum, *see* Dkt. No. 55-2 at 50:15-21 and 51:11-12, there is no evidence that Plaintiff sought medical treatment for an injury to his rectum, and Plaintiff's medical records are devoid of reference to any injury to his rectum. *See* Dkt. No. 68-8. Based on the evidence contained in the record, this Court concludes that no reasonable jury could find that Plaintiff suffered a greater than *de minimis* physical injury.

However, the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (internal citations and

quotations omitted).  "Punishments incompatible with the evolving standards of decency that mark the progress of a maturing society or involving the unnecessary and wanton infliction of pain are repugnant to the Eighth Amendment."  *Hudson*, 503 U.S. at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)).  Contemporary standards of decency are always violated when prison officials maliciously and sadistically use force to cause harm, regardless of whether significant injury is evident.  *Id.* at 9.

In *Thomas*, the court concluded that there was "no indication that [the defendant's] purpose [in conducting a body cavity search] was to maliciously and sadistically cause harm, as opposed to retrieve what he reasonably believed was contraband, the discovery of which [p]laintiff was resisting."  2025 WL 662899, at *13.  However, in the case at bar, a reasonable jury could find that Defendant Sweeney's digital penetration of Plaintiff was undertaken to gratuitously harm Plaintiff. *See supra* Section IV(A)(1).  "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or to humiliate the inmate, violates the Eighth Amendment." *Crawford*, 796 F.3d at 254.

\* \* \*

For the reasons stated herein, the Court denies Defendants' motion for summary judgment as to Plaintiff's excessive force claim against Defendant Sweeney.

## B.  Sexual Assault as Against Defendant Sweeney

Sexual abuse by a corrections officer can also give rise to an Eighth Amendment claim. *See Crawford*, 796 F.3d. at 257 (citation omitted).  As discussed, while prison officials searching for contraband may subject inmates to reasonable strip searches and cavity searches, *see Bell*, 441

U.S. at 560, such searches cannot be undertaken maliciously or for the purposes of sexually abusing an inmate. *Crawford*, 796 F.3d at 258.

To determine whether a prison official committed sexual assault during a search, "the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Id.* at 257-58 (citing *Whitley*, 475 U.S. at 320-21). Factors courts consider include (i) the timing of the search, (ii) the comments made during the search, and (iii) any subsequent comments made by the corrections officers. *Shepherd v. Fisher*, 08-cv-9297, 2017 WL 666213, at *18 (S.D.N.Y. Feb. 16, 2017) (citing *Crawford*, 796 F.3d at 258-59). "Contact that does not occur during the course of a justifiable frisk or search of an inmate's person is subject to greater scrutiny than contact occurring during a frisk or search." *Yunus v. Jones*, 16-cv-1282, 2019 WL 5196982, at *9 (N.D.N.Y. June 21, 2019) (internal citations and quotations omitted), *report and recommendation adopted,* 2019 WL 4010260 (N.D.N.Y. Aug. 26, 2019).

Here, based on the evidence in the record, a reasonable factfinder could conclude that the alleged cavity search was not undertaken pursuant to any legitimate duties or penological purpose, but rather to humiliate Plaintiff or derive sexual arousal or gratification from the contact. As discussed *supra* Section IV(A)(1), conducting a body cavity search post-physical altercation is not DOCCS protocol, *see* Dkt. No. 68-3 at 21:06-10, Plaintiff and Ramos had ceased fighting and were placed in mechanical restraints, *see* Dkt. Nos. 55-4 ¶ 5; 55-5, and there is no evidence in the record to suggest that Defendant Sweeney had reason to believe that Plaintiff possessed drugs in his anus, or contraband generally. *See* Dkt. No. 55-12 ¶ 6. As noted previously, the Court disagrees that Defendant Sweeney allegedly asking Plaintiff "where the drugs at" whilst simultaneously penetrating his anus forecloses a reasonable factfinder from finding that Defendant Sweeney

11

searched Plaintiff maliciously to humiliate Plaintiff or for his own sexual gratification.  *See supra*

Section IV(A)(1); Dkt. No. 68-9 at 10.

Accordingly, the Court denies Defendants' motion for summary judgment as to Plaintiff's

sexual assault claim against Defendant Sweeney.

### C.  Failure to Intervene as Against Defendants Hilts, Rowe, and Patnode

An Eighth Amendment failure to intervene claim requires that a plaintiff first establish an

underlying constitutional violation, such as excessive force.  *Coleman v. City of New York*, 07-cv-

1051, 2010 WL 571986, at *5 (S.D.N.Y. Feb. 2, 2010) (finding that, in the absence of a

constitutional violation against certain officers, failure to intervene claims against other officers

must also be dismissed).  To then succeed on a derivative failure to intervene claim, a plaintiff

must further prove that "(1) the officer had a realistic opportunity to intervene and prevent the

harm; (2) a reasonable person in the officer's position would know that the victim's constitutional

rights were being violated; and (3) the officer [did] not take reasonable steps to intervene." *Sanders*

*v. Torres*, 19-cv-697, 2021 WL 799263, at *13 (N.D.N.Y. Feb. 8, 2021) (internal quotations and

citations omitted), *report and recommendation adopted*, 2021 WL 797014 (N.D.N.Y. Mar. 2,

2021); *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) ("Whether an officer had

sufficient time to intercede or was capable of preventing the harm being caused by another officer

is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not

possibly conclude otherwise.").

"Where courts in this Circuit determine that disputes of material fact exist regarding a

plaintiff's underlying excessive force claim, they generally are reluctant to grant summary

judgment on a dependent failure to intervene claim unless the evidence is clear that the alleged

excessive force was not of a sufficient duration to permit a bystander officer to intervene."

*Funches v. Miller*, 20-cv-676, 2023 WL 2864818, at *26 (N.D.N.Y. Jan. 3, 2023) (quoting *Ali v. Ramos*, 16-cv-1994, 2020 WL 5817009, at *6 (S.D.N.Y. Sept. 30, 2020) (collecting cases)), *report and recommendation adopted,* 2023 WL 2495832 (N.D.N.Y. Mar. 14, 2023).   Here, although Plaintiff could not recall the duration of Defendant Sweeney's alleged conduct, *see* Dkt. No. 55-2 at 47:13-20, Plaintiff did recall Defendant Sweeney pulling his pants down, thrusting his hand down the back of his pants, and putting a finger in his anus.  *Id.* at 43:20-25, 44:02-03.  A reasonable factfinder could conclude, based on such evidence, that Defendant Sweeney's alleged penetration, though perhaps brief, was not as sudden and uncertain as a single punch.  *See, e.g.*, *Henry v. Dinelle*, 10-cv-456, 2011 WL 5975027, at *9 (N.D.N.Y. Nov. 29, 2011); *Funches*, 2023 WL 2864818, at *26; *see also Ekukpe v. Santiago*, 823 F. App'x 25, 32 (2d Cir. 2020) ("Although the altercation was brief, there is no hard-and-fast temporal cutoff for what constitutes adequate time to intervene." (internal citations and quotations omitted)).

Here, there is a dispute as to whether Defendant Sweeney conducted a body cavity search in view of Defendants Hilts, Rowe, and Patnode.  Viewing the facts in the light most favorable to Plaintiff, a reasonable factfinder could conclude that Defendant Sweeney conducted a body cavity search and that his conduct transpired long enough for Defendants Hilts, Rowe, and Patnode to have a realistic opportunity to intervene, given that Defendants were allegedly laughing and encouraging Defendant Sweeney to "go deeper" and continue penetrating Plaintiff.  *See* Dkt. No. 55-2 at 44:03-05, 54:12, 54:20.  *See also Terebesi v. Torreso*, 764 F.3d 217, 244 (2d Cir. 2014) ("Whether the officer had a realistic opportunity to intervene is normally a question for the jury, unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." (internal citation and quotations omitted)).

Accordingly, the Court denies Defendants' motion for summary judgment as to Plaintiff's failure to intervene claim against Defendants Hilts, Rowe, and Patnode.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' motion for summary judgment, Dkt. No. 68, is **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2025
       Albany, New York

Anne M. Nardacci
U.S. District Judge